**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

BILLY WOLFE
ROSEMARY WOLFE                                                                    PLAINTIFFS

V.                                                                                          CASE NO. 2:08CV168

WALTER RAYFORD, M.D.
SOUTHEAST UROLOGY NETWORK, P.C.
LABMD, INC.                                                                                DEFENDANTS

## ORDER

This cause comes before the court on the motion of defendant, LabMD, Inc. ("LabMD"), for summary judgment and for costs and attorney's fees.

Plaintiffs, Billy and Rosemary Wolfe, do not oppose the grant of summary judgment. They do, however, oppose an award of costs or attorney's fees.

This case involves allegations the defendants failed to diagnose Billy Wolfe's bladder cancer. Wolfe presented to his physician, defendant Walter Rayford, with what he believes was bladder cancer. Rayford conducted a number of tests but, failed to diagnose that cancer. One of the tests conducted by Rayford required laboratory work which was performed by LabMD. At some point defendant Southeast Urology Network P.C. ("SUN") alleged LabMD never transmitted that report to them or Rayford and that if the report had been received Wolfe's cancer would have been detected. Once this defense was presented the Wolfes amended their complaint to include a claim against LabMD.

The Wolfes do not point to one piece of evidence that shows LabMD failed to transmit the report to the other defendants. Nor do they show any discovery propounded in order to gain

such information.  Instead the Wolfes relied on statements made by SUN employees that the results were never received.  Even SUN now admits the report was properly transmitted.  On January 26, 2009, LabMD's attorneys sent a letter to the Wolfes explaining the current situation and asking that the suit be dismissed.  The Wolfes instead continued to prosecute this action.  On June 9, 2009 LabMD filed the instant motion.

The Litigation Accountability Act of 1988 ("MLAA"), Miss. Code Ann. § 11-55-3, *et seq.*, provides a remedy for those sued "without substantial justification."  The act defines "without substantial justification" as "frivolous, groundless in fact or in law, or vexatious, as determined by the court."  Miss. Code Ann. § 11-55-3. "[T]his standard is substantially the same as the standard that applies to the imposition of sanctions under Fed. R. Civ. P. 11 and Miss. R. Civ. P. 11, but the MLAA and 28 U.S.C. § 1927 impose a continuing duty to abandon a claim if it later proves to be ill founded." *Abney v. State Farm Fire and Cas. Co.*, 2008 WL 2331098, at *5 (S.D. Miss. June 4, 2008) (citing Miss. Code Ann. § 11-55-3; *McBride v. Meridian Public Imp. Corp.*, 730 So.2d 548 (Miss. 1998); *In re Fankboner*, 632 So.2d 493, 498 (Miss. 1994)).  Such sanctions are not appropriate when a plaintiff has some hope of success. *Id.* (citing *Choctaw, Inc. v. Campbell-Cherry-Harrison-Davis and Dove*, 965 So.2d 1041 (Miss. 2007); *Stevens v. Lake*, 615 So.2d 1177, 1184 (Miss. 1993)).

The Federal Rules of Civil Procedure clearly allow for suits to be filed upon information and belief.  Fed. R. Civ. P. 11(b).  Requiring too much investigation before suit is filed chills the rights of individuals to bring their grievances before the court.  However, the leeway to be given is not so great as to "authorize simply dragging a defendant into court to defend a claim, prior to acquiring . . . knowledge, information or belief that there is a good ground to support that claim."

*See Eatman v. City of Moss Point*, 809 So.2d 591, 595 (Miss. 2000) (discussing Miss. R. Civ. P. 11). There is no question that LabMD transmitted its lab report to SUN and Rayford in a timely manner. This is a fact and could have been ascertained if the Wolfes had simply availed themselves of the discovery process. Instead the Wolfes continued with a frivolous suit not based on facts, but instead based on the fear SUN or Rayford might convince a jury otherwise. Such a fear was clearly unfounded.

Even if the Wolfes originally had a sufficient belief LabMD was liable by January 26 they were well aware no legitimate claim existed. LabMD's requests to be dismissed from the suit were rejected despite this knowledge. This is the type of situation contemplated by the MLAA. Section 11-55-7 list factors for the court to consider in making an award under the Act. While these factors are independent of the actual costs accrued, it is helpful for the court to understand the litigation costs in making its decision. As such the court will grant LabMD's request for summary judgment, but will not finally rule on the request for sanctions until detailed cost information is provided to the court. LabMD is granted ten days to provide that information and any relevant briefing.

LabMD's motion [115] for summary judgment and sanctions is GRANTED IN PART and RESERVED IN PART.

This the 4th day of February, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**