**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**BILLY WOLFE
ROSEMARY WOLFE**                                                                    **PLAINTIFFS**

**V.**                                                                                      **CASE NO. 2:08CV168**

**WALTER RAYFORD, M.D.
SOUTHEAST UROLOGY NETWORK, P.C.
LABMD, INC.**                                                                           **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of plaintiff, Rosemary Wolfe, for reconsideration of the court's grant of summary judgment.

On July 16, 2008 plaintiffs, Billy and Rosemary Wolfe, filed suit against defendants, Walter Rayford, MD and Southeast Urology Network, P.C. ("Southeast").

Plaintiffs were husband and wife. Their initial suit alleged Rayford, an employee of Southeast, failed to diagnosis Billy with bladder cancer.

On December 12, 2008 plaintiffs amended their complaint to include a claim against defendant, LabMD, Inc. ("LabMD")  This amended complaint was in response to the attempt by Rayford and Southeast to allege LabMD shared at least some responsibility for the failure to diagnose.

On June 9, 2009 LabMD filed a motion for summary judgment and for costs and attorney's fees. Plaintiffs did not oppose the grant of summary judgment but argued against an award of costs and attorney's fees.

On September 1, 2009, Billy Wolfe died. On September 11, Rosemary moved to file an

amended complaint under the Mississippi Wrongful Death Statute. Rosemary was substituted as the plaintiff for the claims previously brought by Billy and was allowed to amend her complaint to add wrongful death claims.

On December 22, 2009, Wolfe filed her second amended complaint. This complaint takes a unique tack in dealing with suit against LabMD. The complaint states:

> Defendant, Walter Rayford, M.D., and Defendant, Southeast Urology Network, P.C., committed torts in the State of Mississippi against the Plaintiff and Plaintiff's decedent. Plaintiff's attorneys previously learned, through the deposition testimony of Walter Rayford, M.D., (taken on November 11, 2008, that Defendants, Walter Rayford, M.D. and Southeast Urology Network, P.C., may allege or contest that Defendant, LABMD, INC., additionally committed torts against the Plaintiff and Plaintiff's decedent, in the State of Mississippi, resulting in some or all of Plaintiff's damages.

Time and time again the complaint takes this stance of never actually placing any blame on LabMD, but simply including it because the other defendants argue it is at fault.

On February 4, 2010, the court granted LabMD's motion for summary judgment and for costs and attorney's fees. In its order the court asked for additional briefing on the amount of costs and fees to award.

Aggrieved by that decision, Rosemary filed a motion for reconsideration. That motion raises a number of issues presented to the court for the first time. Before dealing with any of those issues the court must determine if at the time of its decision the motion was properly before the court.

Rosemary argues that the summary judgment motion was not properly before the court because between its filing and the court's decision her husband had died and an amended complaint including her wrongful death claims had been filed.

LABMD argues the motion was properly before the court because the issues decided had

not changed since the filing of the motion, Rosemary was a party to the motion, and Rosemary and Billy were represented by the same counsel.

Neither party cites any authority for their position. The facts weigh in favor of a finding that the motion was properly before the court. This is supported by Rosemary's own statements. On September 11, 2009, she represented to the court that after Billy's death "[a]ll issues and facts of negligence and causation will remain the same in the wrongful death claim as they were in the personal injury claim."

It is also clear that Rosemary was on notice of the pending summary judgment motion when the court decided it. As stated above she was a party to the case and a subject of the summary judgment motion when it was filed. Additionally, an e-mail from LabMD's counsel was received by Rosemary's counsel explaining:

> [P]laintiffs in the referenced case recently filed their Second Amended Complaint. That Second Amended Complaint contains no new allegations against our clinet, LabMD. In addition, all defendants have answered, and no co-defendants have asserted any cross claims against LabMD. We submit, therefore, that the grounds for the Motion for Summary Judgment of LabMD filed on June 9, 2009 (Doc. 115) remain the same. Consequently there should be no need for LabMD to amend or supplement the fully briefed Motion for Summary Judgment, and it is ripe for ruling.

Rosemary's counsel never disputed this claim.

As such the court finds no reason that the motion was not properly before it.

The next problem raised by the parties is whether the court's decision on the motion was a final judgment. It was not. The order granted summary judgment and said that costs and fees were appropriate based on the filings. However, the court did not issue a final ruling, but instead asked for additional information in determining the appropriate amount of costs and fees to award. This did not finally dispose of the issues before the court. The court therefore is not

limited by Federal Rules of Civil Procedure 59 or 60 in deciding whether to grant the motion for reconsideration.

The court, however, sees no reason to retract its grant of summary judgment. Hollie Moore who represents both Billy and Rosemary filed a memorandum with the court in response to the original motion for summary judgment. That memorandum states "Plaintiffs respectfully submit that for purposes of trial strategy, Plaintiffs do not oppose LabMD's Motion for Summary Judgment." That statement was filed with the court on June 22, 2009. Moore did not withdraw the statement until after the court had granted summary judgment and held costs and fees were appropriate. Following those negative consequences Moore filed the instant motion on February 12, 2010.[1]

Through Moore Rosemary now argues that a legitimate basis for suit against LabMD exists. Previously Billy and Rosemary also argued a legitimate basis for suit existed. However, at that time they conceded that summary judgment should be granted and only argued a substantial justification for filing existed at the time the complaint was made. The arguments put forth at that time are completely different from the arguments raised presently. This change is not based on new evidence, but instead on newly discovered authorities.[2]

This change makes it clear to the court that Rosemary's lawyers did not have a theory of liability against LabMD when the suit was filed. The record indicates plaintiffs only brought suit against LabMD because Southeast pled the negligence of LabMD as a defense. It took two years for Rosemary to assert her current theory of liability. It was only asserted following her

---

[1] Another attorney for Rosemary, Gary K. Smith, filed an affidavit with the court confirming plaintiffs' desire not to oppose the motion for summary judgment at the time it was filed.

[2] The court would note these new authorities are not directly on point, but instead are used to argue Mississippi would place a duty on LabMD to have directly informed Billy of his test results.

agreement that summary judgment should be granted.

Federal Rule of Civil Procedure 11(b) requires attorneys to certify that his or her claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." This certification requirement has both a subjective and objective element. The rule not only requires that an objectively reasonable basis for a suit exists, but that an attorney be aware of that basis. *See Nemeroff v. Abelson*, 620 F.2d 339, 350 (2d Cir. 1980) ("Rule 11 speaks in plainly subjective terms").[3] The failure to make a reasonable inquiry into a claim before filing a pleading violates Rule 11. *Worrell v. Houston CanA Academy*, 287 Fed. Appx. 320, 325 (5th Cir. 2008) (citing *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir. 2006)). Rosemary's attorneys violated Rule 11 by failing to have a reasonable basis for the claim against LabMD at the time of its filing.

The court is thus left with a situation in which Rosemary filed a claim without a good faith belief it was viable in violation of Rule 11, went through the discovery process, did not oppose a grant of summary judgment disposing of the claim, and then asked the court to reinstate the claim after a potentially viable theory emerged. The court has broad discretion in reversing course on a order that is not a final judgment, but this set of circumstances do not justify a change. Motions to reconsider are not opportunities for parties to change strategies or put forth alternative theories that were previously available. *See Joe v. Minnesota Life Ins. Co.*, 272 F.Supp.2d 603, 604 (S.D. Miss. 2003) (discussing Fed. R. Civ. P. 59). Rosemary adopted a strategy and pursued it for two years. Unhappy with the outcome of that strategy she now

---

[3] The Fifth Circuit has held that the Rule 11 standard is objective not subjective. *See* Worrell v. Houston CanA Academy, 287 Fed. Appx. 320, 325 (5th Cir. 2008) (citing Whitehead v. Food Max of Mississippi, Inc., 332 F.3d 796, 802 (5th Cir. 2003). That line of cases does not hold that a lawyer need not have a subjective belief a viable claim exists when a case is filed, but is instead aimed at preventing lawyers from hiding from Rule 11 by claiming to have a subjective belief in their filings which is objectively lacking.

attempts to change tactics.  It is too late for such a move.  Based on the facts and law presented the court finds the grant of summary judgment should stand.

The court does not reach the issue of whether these facts support an award of costs and fees as originally decided by the court.  The court will grant leave to Rosemary to raise the issue of whether an unknown, but objectively reasonable basis for filing suit is enough to avoid penalty under the Mississippi Litigation Accountability Act.  Rosemary shall have ten days from the entry of this order to file such a brief.

Rosemary Wolfe's motion for reconsideration [217] is DENIED.

This the 26th day of May, 2010.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**